293

BOARDMAN *versus* EWING.

1. The statute of 1807,* authorising the issuance of a commission, to take testimony, in cases of non-residence, &c.; does not strictly require a written affidavit, to be filed.
2. While this court is disposed, however, to sustain the *practice* of filing written affidavits, in such case, yet particular strictness will not be required, in the manner of drawing them.
3. So, where an affidavit set out the non-residence of a witness, by stating that he resided in the "city of New York;" the court held, that his non-residence was sufficiently shewn, as the city of New York would be presumed to be in the State of New York, in cases of this character.

In error from Madison Circuit court.

In this case, the plaintiff in support of his action, below, offered to read the deposition of a witness, taken under a commission, as directed by the statute. The defendant objected, on the ground of the insufficiency of the affidavit, upon which the commission had issued : and the particular objection was, that the residence of the witness was stated to have been in "the city of New York;" and, it was said, that this was no showing, under oath, of non-residence; because the court could not presume, that the city of New York, was in the State of New York.

The objection was sustained, and the plaintiff took a writ of error, here.

*S. Parsons*, for plaintiff—*Hopkins, contra.*

Lipscomb, C. J.—On the trial of this case, before the Circuit court, the plaintiff offered to read, in evi-

*See Aikin's Digest, page 126, §1.

dence, the deposition of H. Westervelt, taken under a commission issued for that purpose, founded on the following affidavit:

"John Boardman, the plaintiff in this suit, being duly sworn, maketh oath, and saith that the testimony of H. Westervelt, notary public, residing in the city of New York, is material to this deponent, on the trial of this cause; and, he prays that a commission issue, to take the deposition of the said H. Westervelt, to be read in evidence, on the trial."

The sufficiency of this affidavit was objected to, on the ground, that it does not show, that the witness, H. Westervelt, resides out of the limits of this State; and the objection was sustained, by the court.

The law, under which the affidavit was made, and the commission issued, is in the following words—"When a person, who may be a witness in any cause, in any of the said courts, [the courts of the territory,] shall reside out of the limits of the said territory: or, shall, by reason of age, or bodily infirmity, or any other cause, be incapable of attending, to give his or her testimony in court—oath thereof, being made, to any judge, justice, or clerk of the court, wherein such cause is depending; such judge, justice, or clerk, is hereby empowered to issue, or order the clerk of the court, wherein such cause is depending, to issue a commission," &c.

It was objected to the affidavit, that the law only authorised a deposition to be taken, on the ground of the non-residence of the witness; and, that the court could not judicially know, that the city of New York named in the plaintiff's affidavit, is in the State of New York; and the case, *ex parte Deybel*,[a] is relied on.

[a] 4 Barn. & Ald. 243.

This case, was heard on the return to a writ of *habeas corpus;* Deybel, the prisoner, had been impressed as a seaman, under the 59 George 3, chap. 121, sec. 1.    The statute provides, that a mariner, a subject of his majesty, found on board a vessel, within four leagues of the coast, between the North Foreland and Beachy Head, or within eight leagues of any other part of the coast, may be properly detained in custody.    The return stated, that the prisoner was found within eight leagues of that part of the coast of Great Britain, called Suffolk; that is to say, within eight leagues of Orfordness, in the county of Suffolk : *Bayley*, Justice, said that, "the court could not judicially know, whether Orfordness, which is averred to be a part of the county of Suffolk, may not be an isolated part of it, situated on the coast, between the North Foreland and Beachy head; and if so, there is nothing on this return to show, that the vessel was discovered within the limits mentioned, in the act of parliament.    He stated, that, in these cases, when the subject was deprived of his liberty, the greatest strictness was required.    The other Judges concurred, and the prisoner was discharged.

In the case of *Kearney* v. *King*,[a] it was ruled, that the court could not judicially know, that Dublin, named in a bill of exchange, was Dublin, in Ireland, without a special averment.    But these cases are believed to be, in principle, materially different from the one under our consideration.    In the first, the judge assigns as a reason for so much strictness, that it is a question involving the liberty of the subject, and, that, in such cases, the greatest strictness ought always to be required.    The other case was one, that, from the rules of pleading, it was necessary, for the

[a] 2 Barn. & Ald. 301

purpose of fixing the rates of exchange, to aver, that Dublin was in Ireland. It may be laid down as a rule, that whenever locality is essential to give jurisdiction, or materially influences the matter in controversy, strict prooff would generally be required. But, when the question only relates to the remedy, more liberality would be indulged. ' This case is not one of jurisdiction; nor is it one that would materially influence a right of recovery; it is only a question of admissibility of testimony. The statute[a] does not require that the place of the residence of the non-resident should be ascertained, by the oath of the party obtaining the commission. It is sufficient if he resides out of this state. The statute does not even require that the oath should be in writing, but it is the practice to make and file an affidavit, and, perhaps, the practice ought to be sustained. I only allude to this circumstance, to show, that not much stress should be placed on the peculiar wording of the affidavit. If it shows, to a common intent, that the witness resides out of this State, it ought to be sufficient. Now if there even was a place called New York, in Alabama, as suggested, when the city of New York is named, there can be no doubt as to the place meant; that city is too much distinguished to permit the mind to linger a moment; and to it the title would, at once, be appropriated.

We believe that the testimony ought to have been received. The judgment must be reversed, and the cause remanded.